UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**GREGORY R. BRYANT,**

    **Plaintiff,**

v.                                            **Case No: 5:15-cv-322-Oc-WTH-PRL**

**COMMISSIONER OF SOCIAL
SECURITY**

    **Defendant.**

## REPORT AND RECOMMENDATION[1]

Plaintiff appeals a partially favorable decision regarding his applications for Supplemental Security Income (SSI), a period of disability, and Disability Insurance Benefits ("DIB"). Upon a review of the record, the memoranda, and the applicable law, I recommend that the Commissioner's decision be **AFFIRMED.**

**I. BACKGROUND**

For the sake of convenience, the administrative history, which is not in dispute, is copied from the Government's brief:

> On January 7, 2009, Plaintiff protectively filed applications for Supplemental Security Income (SSI), a period of disability, and Disability Insurance Benefits (DIB), alleging disability beginning May 11, 2008 (Tr. 141, 148, 1177). This Court subsequently remanded Plaintiff's claim twice on appeal (Tr. 732-37, 765-72, 1231-45). After a hearing on July 23, 2014 (Tr. 1207-29), an Administrative Law Judge (ALJ) issued a partially-favorable decision on March 4, 2015, finding that Plaintiff was not disabled from May 11, 2008, through August 23, 2010, but became disabled on August 24, 2010, when his age category changed to an individual of

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. See Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

>advanced age, and finding Plaintiff has continued to be disabled through the date of the ALJ's (Tr. 1173-95). Plaintiff did not file written exceptions with the Appeals Council, and the Appeals Council did not review the ALJ's decision on its own motion. Thus, the ALJ's decision became the Commissioner's final decision (Tr. 1173-74), and Plaintiff now appeals seeking judicial review pursuant to 42 U.S.C. § 405(g).

(Doc. 19, p. 1-2).

Plaintiff was 58 years of age on July 23, 2014, the date of the hearing before the ALJ. (Tr. 1209, 1211). Plaintiff has a high school education and some college credits, and work experience as a restaurant server, caterer, and as an employee for an auto auction company. (Tr. 1212-1214).

Based on a review of the record, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (Tr. 33). At Step Two, the ALJ found that Plaintiff had the following severe impairments: asymptomatic human immunodeficiency virus (HIV) and an affective disorder. (Tr. 1194). The ALJ found that, since the alleged onset date of disability on May 11, 2008 through August 24, 2010, the Plaintiff had the residual functional capacity (RFC) to perform light work with limitations. The ALJ concluded:

>[Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except, the claimant can understand, remember and carry out simple instructions, can perform simple routine tasks, and have occasional interaction with supervisors, coworkers, and the public.

(Tr. 1194).

Based upon this RFC, and considering the testimony of the vocational expert, the ALJ found that Plaintiff was not capable of performing past relevant work. For the period between May 11, 2008 and August 24, 2010, the ALJ found that, considering the testimony of the vocational expert and considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform work that existed in significant numbers in the national economy, such as work as an

advertising material distributor, cleaner, or sorter. (Tr. 1193). Accordingly, the ALJ determined that Plaintiff was not disabled prior to August 24, 2010. (Tr. 1194).

On August 24, 2010, however, Plaintiff's age category changed, and Plaintiff became an individual of advanced age pursuant to 20 C.F.R. § 404.1563 and § 416.963. (Tr. 1194). The ALJ found that, after August 24, 2010, considering the claimant's age, education, work experience, and residual functional capacity, there were no jobs that exist in significant numbers in the economy that claimant could perform. Accordingly, the ALJ found that Plaintiff became disabled on August 24, 2010 and continued to be disabled through the date of decision. (Tr. 1194).

## II. STANDARD OF REVIEW

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988)(citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include

such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).   Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.   *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).   This is clearly a deferential standard.

### III.   DISCUSSION

Plaintiff raises a single issue on appeal:   Whether the ALJ's decision that Plaintiff became disabled on August 24, 2010 is supported by substantial evidence.   Specifically, Plaintiff argues that the ALJ misinterpreted the "substantial evidence standard," and erred in giving only little weight to the opinion of Dr. Lamadrid, Plaintiff's treating physician at the Alachua County Health Department.   (Tr. 1186).

On a check-off style autoimmune disorder form dated November 10, 2009, Dr. Lamadrid opined regarding Plaintiff's limitations.   In addition to other findings, Dr. Lamadrid opined that Plaintiff could stand or walk less than two hours in an eight hour work day, could sit about two hours in an eight hour work day, and would sometimes need to take additional unpredictable breaks due to chronic fatigue.   (Tr. 729-31).   Dr. Lamadrid also opined that Plaintiff would be out of work about once or twice a month due to his impairments and treatment.   (Tr. 731).

The law is clear that "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor."   *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011).   Further, the opinions of treating physicians are entitled to substantial or considerable weight unless "good cause" is shown to the contrary.   *Crawford v. Commissioner of*

*Social Security*, 363 F. 3d 1155, 1159 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir.1997)).  Good cause exists "when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004).  With good cause, an ALJ may disregard a treating physician's opinion, but he "must clearly articulate [the] reasons" for doing so.  *Id*. at 1240-41.

Here, the ALJ articulated sufficient reasons, supported by substantial evidence, for according only "little weight" to the opinion of Dr. Lamadrid, as expressed in the autoimmune disorder form completed on November 10, 2009.  (Tr. 1186).  In particular, Dr. Lamadrid's own medical records are inconsistent with his opinions that reflect significant limitations.  For example, Dr. Lamadrid opined that Plaintiff did not have an autoimmune disorder (Tr. 727), and Dr. Lamadrid found that Plaintiff's white blood cell count was 542, indicating that Plaintiff's HIV was stable and not progressing toward AIDS.  (Tr. 727, 1186).  Further, as the ALJ observed, Plaintiff's activities of daily living suggest that he was not as limited as alleged, and Dr. Lamadrid opined Plaintiff could carry 20 pounds occasionally.  (Tr. 1188).

The ALJ also noted that Dr. Lamadrid's opinion was inconsistent with his treatment records from June 2008 through October 2008, which reflected largely normal physical exams, no motor or sensory deficits, and Plaintiff usually denied most symptoms.  (Tr. 481-90, 1184).  Dr. Lamadrid's opinion is also inconsistent with other medical evidence of record, including Dr. Colon's treatment notes, finding Plaintiff had no marked restrictions in activities of daily living, and reflecting normal exam results.  (Tr. 1186, Tr. 707-08, 1040).

Further, Dr. Lamadrid's opinion is inconsistent with the consultative examination by Dr.

Akagbosu (Tr. 648-52) reflecting normal objective findings, the opinion of the state agency physician Dr. Violet Stone who concluded Plaintiff could perform a reduced range of light work (Tr. 681-88), and the opinion of medical expert Dr. Javier Barquet who reviewed the evidence and also concluded Plaintiff could perform a reduced range of light work.  (Tr. 1357-61).

The undersigned agrees that the ALJ provided a clear explanation of his decision to discount Dr. Lamadrid's opinion.  Even considering Plaintiff's treating relationship with Dr. Lamadrid, the ALJ was permitted to discount his opinion based on its inconsistency with and lack of support from the objective evidence.  See 20 C.F.R. §§ 404.1527(c)(2)-(4), 416.927(c)92)-(4) (identifying consistency and supportability as factors for weighing medical opinions).  An ALJ has good cause to discount a treating physician's opinion when the evidence supports a contrary finding.  *See Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004).  Further, the form Dr. Lamadrid completed consists mostly of check-off boxes.  *See Hammersley v. Astrue*, No. 5:08-cv-245, 2009 WL 3053707, at *6 (M.D. Fla. Sept. 18, 2009) ("courts have found that check-off forms . . . have limited probative value because they are conclusory and provide little narrative or insight into the reasons behind the conclusions") (*citing, inter alia, Spencer ex rel. Spencer v. Heckler*, 765 F.2d 1090, 1094 (11th Cir. 1985)).

Upon review, and for the reasons stated above, the undersigned finds that that the ALJ had good cause to discount Dr. Lamadrid's opinion, and his decision was supported by substantial evidence of record.

## IV.   RECOMMENDATION

For the reasons stated above, it is respectfully recommended that the ALJ'S decision be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

**DONE and ENTERED** in Ocala, Florida on August 12, 2016.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties